BARKETT, Circuit Judge,
concurring:
I concur because the majority opinion correctly resolves the legal issues before us. Williams argues that his trial counsel was ineffective by failing to read the Taylor Hardin file, in which he would have discovered the basis for Gaskin’s unequivocally damaging testimony — viz., that Williams told Gaskin that he killed a white man — and would have been able to object to the testimony on relevancy grounds. Given the proceedings in the Alabama state courts, Williams cannot satisfy the prejudice prong of Strickland on the strength of the relevancy objection alone, see Ante at 1241 n. 5, and that is the only issue, with respect to the guilt-phase, for our review.
I write separately only to note that Williams has not argued in the state courts *1251 that counsel should have been better prepared to mount an adequate defense notwithstanding the success vel non of the objection to Gaskin’s testimony. For example, had counsel known of Williams’ inculpatory statement, he most certainly would have discussed it with Williams and attempted to ascertain the circumstances under which the statement was made, the purposes for which it was made, and any other information that might have mitigated the statement. See Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005).[1] Because our review is limited, however, to the grounds identified by the majority, I must concur.

. Contrary to the state’s argument on appeal, Rompilla and Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), although they post-dated the relevant state-court proceedings, are relevant to our consideration of Williams’s Strickland claim, for they both clarify Strickland’s applicability. See, e.g., Wiggins, 539 U.S. at 521, 123 S.Ct. 2527 ("While Williams [v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)] had not yet been decided at the time the Maryland Court of Appeals rendered the decision at issue in this case, Williams’ case was before us on habeas review. Contrary to the dissent's contention, we therefore made no new law in resolving Williams' ineffectiveness claim. In highlighting counsel's duty to investigate, and in referring to the ABA Standards for Criminal Justice as guides, we applied the same ‘clearly established’ precedent of Strickland we apply today.”). I do not take our decision in this case as holding to the contrary.